UNITED STATES OF AMERICA
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Crim. No. 08-27-M |
| ) | |
| AIDEN SIMON MACKLE, ) | |
| ) | |
| Defendant ) | |

ORDER OF DETENTION PENDING TRIAL

In accordance with Federal Rules of Criminal Procedure 5 and 5.1 and § 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., I held a detention hearing on the Government's motion for detention on March 13, 2008, and on defendant's motion to revoke the prior detention order. I make a de novo determination.

Defendant Mackle has been charged in a two-count complaint with one count of interference with a flight crew, in violation of Title 49 U.S.C. § 46504; and one count of simple assault while aboard an aircraft within the special territorial aircraft jurisdiction of the United States, in violation of Title 49 U.S.C. § 46506(1) and Title 18 U.S.C. § 113(a)(5). Defendant has waived a preliminary examination. Accordingly, the preliminary hearing having been waived, and based upon the affidavit filed with the Complaint, I find that there is probable cause to believe the defendant did commit the offenses charged.

The Government has moved for the defendant's detention pursuant to 18 U.S.C. § 3142 (f)(2)(A), alleging a serious risk of flight. Under 18 U.S.C. § 3142(e), I must assess (1) the risk of the defendant's flight; (2) risk to the safety of any other person; and (3) risk to the safety of the

community.  In making those assessments I must consider the factors set forth in subparagraph (g) of the same statutory section.

The facts found earlier by the Magistrate Judge are unimpeachable and I adopt them after carefully listening to and reviewing the evidence.  My greatest concern is that regardless of any conditions I can formulate, the probability of the increased stress caused by these criminal charges, the increased stress caused by his business remaining closed and his absence from his home, combined with the lack of any in-place mental health treatment program, will result in additional alcohol abuse.  This abuse will, with or without a custodian, result in a situation where he is not likely to appear as required for court proceedings.

I agree with the pretrial services officer that there are no available conditions that can sufficiently minimize the risk that Mr. Mackle will fail to appear as required.

It is ORDERED that Defendant be detained pending trial.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purposes of an appearance in connection with a court proceeding.

*SO ORDERED*.

Dated March 13, 2008

                                        /s/ George Z. Singal
                                        Chief Judge
                                        U.S. District Court